1  JASON D. RUSSELL (SBN 169219)
   Jason.Russell@skadden.com
2  WINSTON P. HSIAO
   Winston.Hsiao@skadden.com (SBN 273638)
3  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue, Suite 3400
4  Los Angeles, California 90071
   Telephone: (213) 687-5000
5  Facsimile: (213) 687-5600

6  OF COUNSEL:
   ANTHONY J. DREYER (*To Be Admitted*)
7  Anthony.Dreyer@skadden.com
   JAMIE STOCKTON (*To Be Admitted*)
8  Jamie.Stockton@skadden.com
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
9  Four Times Square
   New York, New York 10036-6522
10 Telephone: (212) 735-3097
   Facsimile: (917) 777-3097

11
   Attorneys for Plaintiff
12 DEL MONTE INTERNATIONAL GMBH

13          UNITED STATES DISTRICT COURT

14          CENTRAL DISTRICT OF CALIFORNIA

15               WESTERN DIVISION

16 DEL MONTE
17 INTERNATIONAL GMBH,          Case No.

18        Plaintiff,             CV13- 5912 RSWL (MANx)

19        v.                     COMPLAINT FOR
                                 DECLARATORY RELIEF
20 DEL MONTE CORPORATION,

21        Defendant.

22

23

24

25

26

27

28

FILED
CLERK, U.S. DISTRICT COURT

AUG 1 3 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

1       Pursuant to the Court's jurisdiction under 28 U.S.C. §§ 1331, 1338, 1391,

2  2201 and 2202, and 15 U.S.C. §§ 1114, 1121 and 1125, Plaintiff Del Monte

3  International GmbH ("Plaintiff") files this Complaint against Defendant Del Monte

4  Corporation ("Defendant"), by and through its undersigned counsel, upon knowledge

5  as to itself and upon information and belief as to all other matters, and alleges for its

6  complaint as follows:

## NATURE OF THE ACTION

8     1.    This action seeks:  (i) a declaration that Plaintiff has *bona fide* rights in

9  the DEL MONTE trademark, that it is not in violation of the Anti-cybersquatting

10  Consumer Protection Act ("ACPA") by seeking to register the General Top Level

11  Domain ("gTLD") <.delmonte>, and that registration of the gTLD <.delmonte> will

12  not create an impermissible likelihood of confusion; and (ii) an order compelling

13  Defendant to withdraw its Legal Rights Objection ("LRO") to Plaintiff's application

14  ("Application") to register the gTLD <.delmonte>.

## THE PARTIES

16     2.    Del Monte International GmbH is a limited liability company organized

17  under the laws of Switzerland, with its principal place of business in Monaco.

18     3.    Plaintiff is a wholly owned subsidiary of Fresh Del Monte Produce Inc.

19  ("Fresh Del Monte"), the holding company for the Del Monte Fresh Produce group

20  of companies.  Fresh Del Monte is a corporation organized under the laws of the

21  Cayman Islands, has its principal executive offices at Walker House, Mary Street,

22  George Town, Grand Cayman, Cayman Islands, and has U.S. executive offices at c/o

23  Del Monte Fresh Produce Company, 241 Sevilla Avenue, Coral Gables, Florida

24  33134.

25     4.    Upon information and belief, Del Monte Corporation is a corporation

26  organized under the laws of Delaware, and has principal executive offices at One

27  Maritime Plaza, San Francisco, California 94111.

28

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF

## JURISDICTION AND VENUE

5.      This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and 15 U.S.C. § 1125(d).  The U.S. District Courts have subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, and 1338, and 15 U.S.C. § 1121, because this is a matter arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

6.      This Court has two independent bases for jurisdiction over Defendant.

7.      First, Defendant agreed to submit to the jurisdiction of this Court when it initiated an administrative proceeding with the World Intellectual Property Organization ("WIPO").  Specifically, the Uniform Domain Name Dispute Resolution Policy and Rules (together the "UDRP Rules"), which WIPO has stated apply to new gTLDs, state that a challenge to a WIPO decision must occur in a court of "Mutual Jurisdiction," and that the parties to a WIPO administrative proceeding must submit to such jurisdiction.  A court of Mutual Jurisdiction is defined by the UDRP Rules as a court at the location of either (a) the principal office of the Registrar, or (b) the domain-name holder's address.  Accordingly, jurisdiction is proper in this Court, because the Registrar with whom the Application was filed, the Internet Corporation for Assigned Names and Numbers ("ICANN"), is located in Marina del Rey, California, which is within this judicial district.

8.      Second, this Court has personal jurisdiction over Defendant because its principal place of business is in the State of California.

9.      Upon information and belief, Defendant has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.  In particular, upon information and belief, Defendant resides in this district and has committed such purposeful acts and/or transactions in the State of California that it reasonably knew and/or expected that it could be sued in a California court as a future consequence of such activity.

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF

10.     Upon information and belief, Defendant regularly conducts business in this judicial district.  Upon information and belief, Defendant has: (i) made, used, sold and offered products or services in this judicial district; and (ii) advertised and marketed products to consumers and retailers in this district.  Thus, upon information and belief, personal jurisdiction exists and venue is proper in this Court pursuant to 28 U.S.C. § 1391 and California Code of Civil Procedure § 410.10.

## FACTUAL BACKGROUND

11.     This action arises from a March 1, 2013 LRO filed by Defendant challenging Plaintiff's <.delmonte> gTLD Application, and from an August 6, 2013 decision by the majority of a WIPO administrative panel upholding Defendant's LRO.   As discussed in greater detail below, the Panel majority's decision was manifestly erroneous.

### History of the Parties

12.     Before August 1989, Del Monte Corporation was a wholly-owned subsidiary of RJR Nabisco, Inc., and was divided into two major operations:  one was responsible for canned fruits and vegetables, and dried fruits; the other principally sold fresh fruits, fresh vegetables, and fresh produce, and certain preserved products.  In late 1989, the latter operation was sold to Polly Peck International, and ultimately became part of Fresh Del Monte.

13.     Today, Fresh Del Monte is one of the world's leading producers and sellers of high-quality fresh fruit and vegetables, as well as a leading producer and distributor of prepared fruit and vegetables, juices, beverages, snacks, and desserts in Europe, the Middle East, Africa, and the former Soviet Union countries.  Fresh Del Monte's global sourcing and network allows it to provide consistently high-quality fresh produce, juices, beverages, preserved fruit and vegetables, and value added services to its customers, including retail stores, food clubs, wholesalers, distributors, and food service operators in more than 80 countries worldwide.

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF

14.    Fresh Del Monte has leading market positions in several product categories, including the following, all of which are sold under the DEL MONTE trademark:  the number one marketer of fresh pineapples worldwide; the third-largest marketer of bananas worldwide; and a leading marketer of branded fresh-cut fruit in the US, UK, UAE, and Saudi Arabia.   In fiscal year 2012, Fresh Del Monte generated approximately $2,664,166,000 in net sales from its DEL MONTE branded products.

15.    Although Defendant retained ownership of the DEL MONTE trademark in many jurisdictions throughout the world, it has retained for itself limited rights to use the DEL MONTE trademark in the United States and South America, and to do so on only a narrow category of products – specifically, fruit and vegetable products that have been heat treated or sterilized for the purpose of rendering them shelf-stable.

### Plaintiff's *Bona Fide* Rights in the DEL MONTE Mark

16.    Plaintiff is indisputably the *owner* of the DEL MONTE trademark—including the words "DEL MONTE," the DEL MONTE "device" (logo), and a combination of the words DEL MONTE and the DEL MONTE device (collectively, the "DEL MONTE Mark")—in South Africa, and has owned the Mark there (directly or through its affiliates and predecessors in interest) since 1990.  This fact alone provides Plaintiff with *bona fide* rights in the DEL MONTE Mark.

17.    Moreover, Plaintiff, either directly or through its affiliates and predecessors in interest, is party to a series of license agreements entered into in 1989 and 1990 with Defendant, pursuant to which Plaintiff holds the following additional *bona fide* rights in the DEL MONTE Mark:  (i) an exclusive, perpetual, royalty-free worldwide license to use the DEL MONTE Mark on or in connection with the production, manufacture, sale, and distribution of fresh fruit, fresh vegetables and fresh produce, as well as certain preserved fruit products, among others; and (ii) an exclusive, royalty-free license to use the DEL MONTE Mark on or

4

1  in connection with the production, manufacture, sale, and distribution of all food
2  products (including beverages), whether fresh or preserved, in Europe, the Middle
3  East, Africa and the former Soviet Union countries.

4        18.    Since Plaintiff's acquisition of these rights, the parties have engaged in
5  simultaneous use of the DEL MONTE Mark for 24 years, without any known
6  instance of consumer confusion.

7        19.    Furthermore, Plaintiff and its affiliates have owned and operated over a
8  dozen "delmonte" domain names for over a decade without seeking or obtaining
9  authorization from Defendant (e.g., <delmonteonline.com> (registered April 25,
10  2000) and <delmontenet.com> (registered April 25, 2000)). Defendant has objected
11  to none of these domain names, and Plaintiff is not aware of any examples of
12  consumer confusion resulting from its registration and use of these domain names.

13                      **The New gTLD Program**

14        20.    In June 2011, ICANN introduced its New gTLD Program, which allows
15  parties to apply for a unique top level domain, to be used in lieu of traditional top
16  level domains, such as <.com> or <.net>.

17        21.    The application window opened on January 12, 2012, and closed on
18  May 30, 2012.

19        22.    ICANN also provided for a New gTLD Dispute Resolution Procedure
20  ("Procedure"), and delegated authority for administering this Procedure to WIPO,
21  which in turn adopted the WIPO Rules for New gTLD Dispute Resolution for
22  Existing Legal Rights Objections ("WIPO gTLD Rules").

23        23.    Pursuant to the Procedure and the WIPO gTLD Rules, third parties were
24  permitted to challenge a gTLD application by filing an LRO during a specified
25  period, which ran from June 13, 2012 through March 13, 2013.

26        24.    With respect to LROs pertaining to applications for gTLDs that are
27  also trademarks, the principal inquiries under the Procedure and the WIPO gTLD
28  Rules are whether the applicant has *bona fide* rights in the trademark that

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF

1  corresponds to the applied-for gTLD and whether registration of the gTLD by the

2  applicant would create an impermissible likelihood of consumer confusion.

3  **Plaintiff's gTLD Application**

4  25.   Plaintiff submitted its Application for the gTLD <.delmonte> during the

5  specified period, and seeks to register <.delmonte> in order to establish and expand

6  its global presence on the Internet for the products it lawfully sells under the DEL

7  MONTE Mark.

8  26.   Plaintiff is not a cybersquatter and has not engaged in a pattern of

9  cybersquatting conduct.

10  27.   While Plaintiff knew of Defendant's existence when it applied for the

11  gTLD, Plaintiff has its own *bona fide* rights as an owner and exclusive licensee of

12  the DEL MONTE Mark (as detailed in ¶¶ 16-17 above), and had no obligation to

13  seek or obtain authorization from Defendant before applying for the gTLD.

14  28.   Plaintiff was the first – *and only* – entity with *bona fide* rights in the

15  DEL MONTE Mark to apply for <.delmonte>, and therefore Plaintiff has priority

16  with respect to the gTLD.  The new gTLD application period has closed, and

17  Defendant has not applied for the <.delmonte> gTLD.  Nor did Defendant seek a

18  transfer of the <.delmonte> gTLD to itself; rather, it is merely attempting to play

19  spoiler and block Plaintiff's application.

20  29.   Moreover, as noted above, Plaintiff and its affiliates have owned and

21  operated over a dozen "delmonte" domain names for over a decade without seeking

22  or obtaining authorization from Defendant (e.g., <delmonteonline.com> (registered

23  April 25, 2000) and <delmontenet.com> (registered April 25, 2000)).  Defendant has

24  objected to none of these domain names.

25  30.   Similarly, third-party licensees with far more limited rights to use the

26  DEL MONTE Mark have registered "delmonte" domain names.  For example, Del

27  Monte Philippines Inc. owns <delmonte.ph>, and Nippon Del Monte Corporation

28  (aka Kikkoman) owns <delmonte.co.jp>.

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF

**The WIPO Proceeding**

31.    On March 1, 2013, Defendant filed an LRO objecting to the Application, asserting, *inter alia*, that Plaintiff has no ownership rights in the DEL MONTE Mark, and that ownership and use of the <.delmonte> gTLD will mislead the general public into thinking that Plaintiff holds a superior position with respect to the DEL MONTE brand.

32.    On May 15, 2013, Plaintiff filed a timely Response to Defendant's LRO, providing indisputable evidence of its ownership of, and *bona fide* rights in, the DEL MONTE Mark, refuting all of Defendant's arguments, and establishing the validity of its gTLD Application.

33.    Upon information and belief, and despite its erroneous assertion otherwise in its LRO, Defendant had actual knowledge when it filed its LRO that Plaintiff (or its affiliate) owned the DEL MONTE Mark in South Africa.  Nor does Defendant contest the validity of this ownership.

34.    Despite bearing the burden of proof in the LRO, Defendant offered zero evidence to support its claim that the gTLD would lead to consumer confusion.  Nor is such confusion plausible given the parties' long-standing, 24 year history of simultaneous use of the DEL MONTE Mark and multiple domain names containing the DEL MONTE Mark.

35.    On June 14, 2013, WIPO appointed a three-member panel ("Panel"), with the principal purpose of deciding whether Plaintiff has *bona fide* rights in the DEL MONTE Mark and whether registration of the gTLD by the applicant would create an impermissible likelihood of consumer confusion, and, based on these determinations, whether to uphold or reject the LRO (the "WIPO Proceeding").

36.    On August 6, 2013, a majority of the Panel rendered a decision in favor of sustaining the objection to Plaintiff's Application, reasoning that registration of the gTLD would create an impermissible likelihood of confusion.  This determination was based not on the arguments of the parties, but on the Panel's

7

1 unsupported, *sua sponte* assertion that: (i) there is a cloud on Plaintiff's title as to the

2 DEL MONTE Mark in South Africa—which there indisputably is not; and (ii)

3 Plaintiff's ownership of the DEL MONTE Mark in South Africa violates the parties'

4 license agreements—which it undisputedly does not.

5       37.    Furthermore, the majority Panel's own acknowledgment that there has

6 been a "24 year history of coexistence in the global marketplace" by Plaintiff and

7 Defendant would, if anything, prove a *likely lack* of consumer confusion, rather than

8 vice versa.

9       38.    The Panel majority's reasoning is pure conjecture, and its decision is

10 manifestly erroneous.

## FIRST CAUSE OF ACTION

### Declaratory Relief

13       39.    Plaintiff repeats and realleges the allegations contained in the foregoing

14 paragraphs as though fully set forth herein.

15       40.    Plaintiff is indisputably the *owner* of the DEL MONTE Mark in South

16 Africa, and has owned the Mark there (directly or through its affiliates and

17 predecessors in interest) since 1990. This alone establishes Plaintiff's *bona fide*

18 rights in the DEL MONTE Mark, entitling it to register the gTLD <.delmonte>.

19       41.    Moreover, pursuant to various license agreements with Defendant,

20 Plaintiff and its affiliates hold worldwide *bona fide* rights in the DEL MONTE Mark,

21 which also entitles it to register the gTLD <.delmonte>.

22       42.    In light of the foregoing, pursuant to 28 U.S.C. §§ 2201 and 2202, and

23 28 U.S.C. § 1125(d), the Court should: (i) declare that Plaintiff has *bona fide* rights

24 in the DEL MONTE Mark, that it is not in violation of ACPA, and that registration

25 of the gTLD <.delmonte> will not create an impermissible likelihood of confusion;

26 and (ii) order Defendant to withdraw its LRO.

27

28

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully seeks an Order of this Court:

A.   Declaring that Plaintiff has *bona fide* rights in the DEL MONTE Mark;

B.   Declaring that Plaintiff is not in violation of ACPA;

C.   Declaring that registration of the gTLD <.delmonte> will not cause an impermissible likelihood of confusion;

D.   Ordering Defendant to withdraw its LRO;

E.   Awarding to Plaintiff its attorney's fees and expenses and the costs and disbursements of bringing this action; and

F.   For such other and further relief as the Court deems just and proper.

DATED:   August 13, 2013

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____ /WPH

Jason D. Russell
Attorneys for Plaintiff
Del Monte International GmbH

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF

1077198-NYCSR01A - MSW

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Ronald S.W. Lew_____ and the assigned Magistrate Judge is _____Margaret A. Nagle_____ .

The case number on all documents filed with the Court should read as follows:

### 2:13CV5912 RSWL MANx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____August 13, 2013_____
Date

By  J.Prado
Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[x] **Western Division**
312 N. Spring Street, G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

[ ] **Eastern Division**
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| DEL MONTE INTERNATIONAL GMBH | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) |
| DEL MONTE CORPORATION | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

**CV13- 5912 PSWL (MANx)**

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   DEL MONTE CORPORATION
One Maritime Plaza
San Francisco, California 94111

        A lawsuit has been filed against you.

        Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Jason D. Russell (SBN 169219)
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144

        If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

AUG  1 3 2013

Date: _____

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| DEL MONTE INTERNATIONAL GMBH | DEL MONTE CORPORATION |

| **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|
| Jason D. Russell (SBN 169219)<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>300 South Grand Avenue, Suite 3400, Los Angeles, CA 90071<br>Telephone: (213) 687-5000 | Beth M. Goldman (SBN 118341)<br>Orrick, Herrington & Sutcliffe LLP<br>405 Howard Street, San Francisco, CA 94105<br>Telephone: (415) 773-5700 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.) Declaratory relief pursuant to 15 U.S.C. § 1125(d) of the Lanham Act.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY: Case Number:** CV13- 5912

**AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.**

CV-71 (02/13) · CIVIL COVER SHEET · Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

if yes, list case number(s): _____

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Plaintiff Del Monte International GmbH - The Principality of Monaco |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. if this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant Del Monte Corporation - San Francisco County |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: in land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____ / WPH   DATE: August 13, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |