THOMAS H. ZELLERBACH (SBN 154557)
tzellerbach@orrick.com
SCOTT T. LONARDO (SBN 285001)
slonardo@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:   (650) 614-7400
Facsimile:    (650) 614-7401

Attorneys for Defendant DEL MONTE CORPORATION

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DEL MONTE INTERNATIONAL GMBH,<br><br>          Plaintiff,<br><br>     v.<br><br>DEL MONTE CORPORATION,<br><br>          Defendant. | Case No. 2:13-cv-5912-RSWL-MAN<br><br>**MEMORANDUM IN SUPPORT OF DEL MONTE CORPORATION'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**<br><br>Date:        November 13, 2013<br>Time:        10:00 a.m.<br>Courtroom: 21<br>Judge:       Hon. Ronald S.W. Lew |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................ 1
II. BACKGROUND ................................................................................................. 2
    A. Overview ................................................................................................ 2
    B. DMI's Allegations .................................................................................. 3
III. LEGAL STANDARDS ...................................................................................... 4
    A. Declaratory Judgment Act ..................................................................... 4
    B. Rule 12(b)(1): Lack of Subject Matter Jurisdiction ............................. 5
    C. Rule 12(b)(6): Failure to State a Claim Upon Which Relief Can Be Granted .................................................................................................. 6
IV. ARGUMENT ...................................................................................................... 7
    A. Dismissal Under Rule 12(b)(1): There Is No Case or Controversy with Respect to the ACPA ............................................................................ 7
    B. Dismissal Under Rule 12(b)(6): DMI Cannot State a Claim for Relief Under the ACPA .................................................................................... 8
    C. DMI Is Not Entitled To The Other Relief It Seeks ............................... 9
        1. DMI's Request for a Declaration of "Bona Fide" Rights Seeks an Improper Advisory Opinion on Foreign Rights .......................... 9
        2. There Is No Basis For A Declaration that DMI's TLD Registration Will Not Create an "Impermissible Likelihood of Confusion" ................ 11
        3. There Is No Basis to Force Del Monte to Withdraw Its LRO and WIPO Has Already Resolved that Objection ............................. 12
    D. Even if Declaratory Judgment Jurisdiction Existed, This Court Should Decline to Exercise Jurisdiction .......................................................... 13
V. CONCLUSION ................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................ 7

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1988) .............................................................................. 6

*Berkshire Furniture Co. v. Glattstein*,
  921 F. Supp. 1559 (W.D. Ky. 1995) ................................................................ 10

*Bosley Med. Inst., Inc. v. Kremer*,
  403 F.3d 672 (9th Cir. 2005) .............................................................................. 7

*Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*,
  174 F.3d 1036 (9th Cir. 1999) ............................................................................ 2

*Fiedler v. Clark*,
  714 F.2d 77 (9th Cir. 1983) ................................................................................ 5

*Huth v. Hartford Ins. Co. of the Midwest*,
  298 F.3d 800 (9th Cir. 2002) ............................................................................ 13

*Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Winship Green Nursing Ctr.*,
  103 F.3d 196 (1st Cir. 1996) ............................................................................ 11

*Izenberg v. ETS Servs., LLC*,
  589 F. Supp. 2d 1193 (C.D. Cal. 2008) .............................................................. 7

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118 (2007) .................................................................................. 5, 6, 7

*Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*,
  638 F.3d 1137 (9th Cir. 2011) .......................................................................... 11

*Outdoor Media Grp., Inc. v. City of Beaumont*,
  506 F.3d 895 (9th Cir. 2007) ............................................................................ 13

*Pinkberry, Inc. v. JEC Int'l Corp.*,
  No. 11-cv-6540 PSG, 2011 WL 6101828 (C.D. Cal. Dec. 7, 2011) .............. 5, 10

*Realty Experts Inc. v. RE Realty Experts, Inc.*,
  No. 11-cv-1546 JLS (CAB), 2012 WL 699512 (S.D. Cal. Mar. 1, 2012) ....... 9, 11

*S & A Futures, LLC-Series 2 v. Sysco Chicago, Inc.*,
  No. 11-cv-7629, 2012 WL 851556 (N.D. Ill. Mar. 13, 2012) ............................. 9

*Summit Tech., Inc. v. High-Line Med. Instruments Co.*,
   922 F. Supp. 299 (C.D. Cal. 1996) .................................................................................. 6

*Thomas v. Anchorage Equal Rights Comm'n*,
   220 F.3d 1134 (9th Cir. 2000) ........................................................................................ 9

*Tradebay, LLC v. eBay, Inc.*,
   278 F.R.D. 597 (D. Nev. 2011) .................................................................................... 12

*Vanity Fair Mills, Inc. v. T. Eaton Co.*,
   234 F.2d 633 (2d Cir. 1956) ......................................................................................... 11

*Vantage Trailers, Inc. v. Beall Corp.*,
   567 F.3d 745 (5th Cir. 2009) ........................................................................................ 12

*Wham-O, Inc. v. Manley Toys, Ltd.*,
   92 U.S.P.Q. 2d 1750, 2009 WL 6361387 (C.D. Cal. Aug. 13, 2009) ................... 5, 8, 9

*Williams v. Azoogleads.com, Inc.*,
   No. 08-cv-807 AHS, 2008 WL 4383875 (C.D. Cal. Sept. 4, 2008) ............................ 13

**Statutes**

15 U.S.C. § 1125(d) ............................................................................................... 1, 5, 7, 8, 11

28 U.S.C. § 2201 ............................................................................................................. 5, 11

28 U.S.C. § 2202 ............................................................................................................. 5, 11

15 U.S.C. § 1055 .................................................................................................................. 10

15 U.S.C. § 1114(1) ............................................................................................................. 11

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) ............................................................................................... 1, 4, 5, 7

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 1, 4, 6, 7

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHSUSA:754678116.3

- iii -

OPPOSITION TO NOMADIX'S MOTION FOR
PARTIAL SUMMARY JUDGMENT ('995 PATENT)
CASE NO. CV-09-08441 DDP (VBKx)

## I. INTRODUCTION

This ill-conceived lawsuit falls well outside the limited jurisdiction of a United States federal court and should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff Del Monte International GmbH ("DMI") is a Swiss company located in Monaco asking this Court to declare the validity of its South African trademark rights, a matter far outside the subject matter jurisdiction of this Court.  DMI also asks the Court to declare that DMI is not in violation of the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).  But Defendant Del Monte Corporation ("Del Monte") has never alleged that DMI is in violation of that statute and has never threatened DMI with any action whatsoever under that statute (or any other statute for that matter).  Indeed, DMI's own complaint alleges that "Defendant has objected to none of [DMI's] domain names."  In short, DMI's assertion that "[t]he U.S. District Courts have subject matter jurisdiction over this matter pursuant to . . . the Lanham Act…." is logically and legally untenable.

DMI's request that the Court order Del Monte to withdraw a Legal Rights Objection ("LRO") that Del Monte had filed with the Internet Corporation for Assigned Names and Numbers ("ICANN") against DMI's application to register the top level domain name ("TLD") <.*delmonte*> also must be rejected.  That proceeding was fully resolved after the World Intellectual Property Organization ("WIPO") upheld the LRO, DMI's application to register the TLD was denied, and DMI failed to request reconsideration of the WIPO's panel decision as it could have done.  There is no statutory or jurisdictional basis by which DMI can resurrect its failed and now moot TLD application through this lawsuit.  Similarly, there is no statutory or jurisdictional basis for the Court to declare whether WIPO's unique "impermissible likelihood of confusion" standard is met, as requested by DMI.  Accordingly, DMI's complaint must be dismissed.

## II. BACKGROUND

### A. Overview

Del Monte is the primary worldwide brand owner of the famous DEL MONTE brand for, among other goods, fresh and canned fruits and vegetables. Plaintiff DMI is Del Monte's licensee with limited rights to use the DEL MONTE mark on certain products and/or in certain geographic areas. On June 13, 2012, DMI, without Del Monte's authorization, filed an application with ICANN to register <.delmonte> as a Top Level Domain or TLD. A TLD is the last portion of a domain address, such as <.com>, <.org>, or <.edu>. For example, in the domain name <www.facebook.com>, "facebook" is the second level domain and <.com> is the TLD. In the domain name <www.google.com>, "google" is the second level domain and <.com> is the TLD. TLDs are different from the familiar second level domains because they enable the creation and functionality of a limitless number of second level domains which come before them in the address.

Second level domains (i.e., the "facebook" portion of facebook.com) have been available for registration by the public for decades for a nominal fee, and registrars who manage registration of those domain names "do[] not make an independent determination about a registrant's right to use a particular domain name." *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1044 (9th Cir. 1999). By contrast, gTLDs[1] have been limited to a core group of about twenty-two until January 2012, when ICANN began accepting applications for virtually any word as a gTLD. Unlike second level domains, where registration of available domain names occurs automatically upon payment, ICANN required TLD applicants to go through a lengthy application process and created an objection procedure before registration could occur. *See* ICANN New gTLDs Fact Sheet,

---

[1] gTLD stands for *generic* top-level domain, such as <.cars>. Because <.delmonte> incorporates a trademark and not a generic term, Del Monte refers to it as a TLD, not a gTLD.

OHSUSA:754678116.3

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

MEMO IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:13-cv-5912-RSWL-MAN

*available at* http://archive.icann.org/en/topics/new-gtlds/gtld-facts-31jul11-en.pdf (last visited October 3, 2013). In addition, ICANN made clear that "application for a new gTLD is a much more complex process [than registering a domain name]," because "[a]n applicant for a new gTLD is, in fact, applying to create and operate a registry business supporting the Internet's domain name system." *Id.* Thus, DMI's application to register <.*delmonte*> was under a new procedure that is very different from the more commonly known domain name registration process.

Prior to this case, Del Monte objected to DMI's application for <.*delmonte*> (also known as a Legal Rights Objection or "LRO"), and a three-member panel from WIPO upheld Del Monte's objection. DMI did not seek reconsideration with ICANN before the deadline to do so. That decision is final, and Del Monte's objection is no longer pending. DMI now attempts to bring an unprecedented lawsuit to overturn the rejection of a TLD by WIPO, somehow but wrongly claiming that there is a case or controversy under the ACPA as a result.

B.  **DMI's Allegations**

Consistent with this overview, DMI alleges that Del Monte is the owner of the DEL MONTE trademark in "many jurisdictions throughout the world," and DMI is a licensee of Del Monte with rights to use the DEL MONTE mark on certain types of food products worldwide and on other types of food products in certain geographic regions. (Complaint ¶¶ 15, 17). DMI claims that it owns a trademark registration for the DEL MONTE mark in South Africa. (*Id.* ¶ 16). DMI also claims that it owns domain names incorporating "delmonte," (i.e., <*delmontenet.com*>), but, notably, DMI admits that Del Monte "has objected to none of these domain names." (*Id.* ¶ 29).

In June 2011, ICANN unveiled a new TLD program that allowed applicants to apply for a unique TLD, with an application window opening on January 12, 2012. (*Id.* ¶¶ 20-21). ICANN also created a "New gTLD Dispute Resolution Procedure" and relegated authority to WIPO to resolve LROs. (*Id.* ¶ 22). WIPO

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHSUSA:754678116.3

- 3 -

MEMO IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:13-cv-5912-RSWL-MAN

created a new standard to resolve LROs that focused on whether registration of a gTLD would create "an impermissible likelihood of consumer confusion." (*Id.* ¶ 24).

Pursuant to ICANN's new program, DMI filed an application with ICANN to register the TLD <*.delmonte*>. (*Id.* ¶ 25). Del Monte filed an objection to DMI's application with WIPO, and DMI filed a response. (*Id.* ¶¶ 31-32). On August 6, 2013, a WIPO panel sustained Del Monte's objection, finding that a registration of <*.delmonte*> by DMI would create an impermissible likelihood of confusion. (*Id.* ¶ 36). According to DMI's allegations, the WIPO panel, among other findings, made a "*sua sponte* assertion that: (i) there is a cloud on Plaintiff's title as to the DEL MONTE Mark in South Africa." (*Id.*) DMI does not allege that it sought reconsideration of the WIPO decision with ICANN as it could have done. Nor does DMI allege that, since the WIPO panel decision, Del Monte has taken any actions or made any threats that would affect DMI's legal rights.

DMI then filed suit in this Court, asserting a cause of action for Declaratory Relief and asking this Court to: "(i) declare that Plaintiff has *bona fide* rights in the DEL MONTE Mark, that it is not in violation of ACPA, and that registration of the gTLD <*.delmonte*> will not create an impermissible likelihood of confusion; and (ii) order Defendant to withdraw its LRO." (*Id.* ¶ 42).

Del Monte now moves to dismiss the complaint for failure to present a justiciable controversy within this Court's subject matter jurisdiction and for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1), 12(b)(6).

### III. LEGAL STANDARDS

#### A. Declaratory Judgment Act

DMI asserts only a single cause of action—for declaratory relief under "28

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHSUSA:754678116.3

- 4 -

MEMO IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:13-cv-5912-RSWL-MAN

U.S.C. §§ 2201 and 2202, and 28 [sic] U.S.C. 1125(d)."[2] Complaint ¶¶ 39-42. The Declaratory Judgment Act provides that "in a case of actual controversy" a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.

As an initial matter, "[t]he Declaratory Judgment Act does not provide an independent jurisdictional basis for suits in federal court." *Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-74 (1950)). Rather, "[i]t only permits the district court to adopt a specific remedy when jurisdiction exists." *Id.* Like all federal actions, DMI's declaratory judgment action must state a claim upon which relief can be granted and must satisfy the "case-or-controversy" requirement of Article III of the Constitution. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) ("the phrase 'case of actual controversy' in [the Declaratory Judgment] Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III") (citation omitted). DMI's complaint fails to meet those requirements.

### B.     Rule 12(b)(1):  Lack of Subject Matter Jurisdiction

Rule 12(b)(1) requires dismissal for lack of subject matter jurisdiction when a complaint fails to satisfy Article III's "case or controversy" requirement. *See Wham-O, Inc. v. Manley Toys, Ltd.*, 92 U.S.P.Q. 2d 1750, 2009 WL 6361387, at *2 (C.D. Cal. Aug. 13, 2009) (dismissing complaint for lack of subject matter jurisdiction under Rule 12(b)(1)). "Because federal courts are courts of limited jurisdiction, the Court presumes lack of jurisdiction, and the party seeking to invoke the Court's jurisdiction bears the burden of proving that subject matter jurisdiction exists." *Pinkberry, Inc. v. JEC Int'l Corp.*, No. 11-cv-6540 PSG (PJWx), 2011 WL

---

[2] DMI cites 28 U.S.C. § 1125, but Title 28 does not contain a Section 1125. Even if DMI intended to cite *15* U.S.C. § 1125(d), that section does not provide a basis for declaratory relief.

OHSUSA:754678116.3

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

MEMO IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:13-CV-5912-RSWL-MAN

6101828, at *2 (C.D. Cal. Dec. 7, 2011) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

In determining what constitutes a justiciable controversy for purposes of the Declaratory Judgment Act, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127 (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). The dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests," and it must be "real and substantial" and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)). As discussed below in section IV, DMI's complaint does not present a justiciable case or controversy, and therefore it fails to present a matter within this Court's subject matter jurisdiction.

### C. Rule 12(b)(6): Failure to State a Claim Upon Which Relief Can Be Granted

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *see also Summit Tech., Inc. v. High-Line Med. Instruments Co.*, 922 F. Supp. 299, 304, 311 (C.D. Cal. 1996) (dismissing trademark infringement claim where the Lanham Act did not provide a cause of action). In addition to failing to present a justiciable controversy, DMI's complaint also fails to present a cognizable legal theory.

Although a court must accept all factual allegations in a complaint as true when evaluating a motion to dismiss under Rule 12(b)(6), "it need not . . . accept as true unreasonable inferences or conclusory legal allegations cast in the form of

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHSUSA:754678116.3

- 6 -

MEMO IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:13-CV-5912-RSWL-MAN

factual allegations." *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1198 (C.D. Cal. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-64 (2007)). A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*, 550 U.S. at 555).

## IV. ARGUMENT

Applying the standards above, DMI's complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) under well-established legal authority. Without any case or controversy or claim for relief, DMI is not entitled to the other relief it seeks. Even were this Court to conclude that subject matter jurisdiction existed, it can and should decline jurisdiction over this matter for a variety of reasons, including because this action will do nothing to clarify the parties' legal rights.

### A. Dismissal Under Rule 12(b)(1): There Is No Case or Controversy with Respect to the ACPA

The only substantive statute DMI cites for relief—the ACPA—has no application here. Del Monte has never threatened or even suggested that DMI has violated the ACPA, and DMI itself alleges that Del Monte "has objected to none of [DMI's] domain names." Accordingly, any declaration that DMI is "not in violation of the ACPA," Complaint ¶ 42 & Prayer For Relief, would be purely advisory because there is no dispute here, let alone a "definite and concrete" dispute that "admits of specific relief." *See MedImmune*, 549 U.S. at 127 (requiring that disputes be "definite and concrete" and "admit of specific relief" to be justiciable) (citation omitted).

The ACPA prohibits cybersquatting, which occurs when a party "registers, traffics in, or uses a domain name" that is identical or confusingly similar to the trademark of another. 15 U.S.C. § 1125(d)(1)(A); *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 680 (9th Cir. 2005) (cybersquatting "occurs when a person

Orrick, Herrington & Sutcliffe LLP
Attorneys At Law
Silicon Valley

OHSUSA:754678116.3

- 7 -

MEMO IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:13-cv-5912-RSWL-MAN

other than the trademark holder registers the domain name of a well known trademark and then attempts to profit from [it]")  (citation omitted).

Here, DMI alleges that it owns and operates "delmonte" domain names including <*delmontenet.com*>. (Complaint ¶ 29).  In the very next sentence of its complaint, however, DMI alleges that "***Defendant has objected to none of these domain names***." (*Id.*) (emphasis added).  Accordingly, DMI's own factual allegations conclusively establish that there is no case or controversy on this point. *See Wham-O, Inc.*, 92 U.S.P.Q.2d at 1753-54, 2009 WL 6361387, at *4 (dismissing complaint where, among other things, "Wham-O does not allege that either Defendant has threatened to sue Wham-O regarding Wham-O's use of the Marks.").  Because DMI's own allegations show that Del Monte has not objected to DMI's domain names, DMI's request for relief on this point does not present a justiciable controversy.   Indeed, it renders the ACPA irrelevant to this case.

### B.   Dismissal Under Rule 12(b)(6):  DMI Cannot State a Claim for Relief Under the ACPA

DMI also does not allege that Del Monte's LRO constituted an allegation of cybersquatting under the ACPA.  A TLD has never been held to be the legal equivalent of a domain name for ACPA purposes.  But even if a TLD did constitute a domain name, cybersquatting under the ACPA only occurs where one "registers, traffics in, or uses" a domain name.  15 U.S.C. § 1125(d).  DMI has never alleged that DMI ever actually registered the <*.delmonte*> TLD, and the mere attempt to register a domain name is not actionable under the ACPA.  15 U.S.C. § 1125(d)(1)(A) (creating liability only where one "registers, traffics in, or uses a domain name").  DMI also has not, and could not, allege that Del Monte has accused DMI of being the registrant of the TLD or of trafficking or using it.  Not having "registered" the domain name for purposes of the ACPA, it follows that DMI could not have "trafficked in" or "used" the domain name either. *Id.* For the Court to recognize a cause of action under the ACPA for the attempted but

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHSUSA:754678116.3

- 8 -

MEMO IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:13-CV-5912-RSWL-MAN

unsuccessful registration of a domain name—assuming that a TLD even were a domain name—would be to expand the statute far beyond what Congress enacted.

### C. DMI Is Not Entitled To The Other Relief It Seeks

Because DMI has failed to allege a case or controversy or state a claim for relief based on its single cause of action for declaratory relief under the ACPA, it is not entitled to any relief. Moreover, the specific relief DMI seeks is not the type of relief that any federal court can grant.

#### 1. DMI's Request for a Declaration of "*Bona Fide*" Rights Seeks an Improper Advisory Opinion on Foreign Rights

DMI asks this Court to declare that DMI has "*bona fide* rights" in the DEL MONTE Mark, apparently based on DMI's trademark license agreements with Del Monte and its alleged trademark registrations in South Africa. This request is nothing more than a request for an advisory opinion, which federal courts cannot render. *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) ("Our role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution.").

This Court and other district courts have dismissed similar complaints that merely seek a declaration as to the validity or invalidity of trademark rights. *See Wham-O, Inc.*, 92 U.S.P.Q.2d at 1753-54, 2009 WL 6361387, at *4 (finding no case or controversy over a complaint seeking a declaration that SLIP N' SLIDE, FRISBEE, and HULA HOOP are valid trademarks that are not generic); *see also Realty Experts Inc. v. RE Realty Experts, Inc.*, No. 11-cv-1546 JLS (CAB), 2012 WL 699512, at *4 (S.D. Cal. Mar. 1, 2012) (dismissing a complaint seeking a declaration that a trademark is not valid and not entitled to registration; "the Court's declaration here would not resolve any potential dispute of infringement"); *S & A Futures, LLC-Series 2 v. Sysco Chicago, Inc.*, No. 11-cv-7629, 2012 WL 851556, *4-5 (N.D. Ill. Mar. 13, 2012) (finding no jurisdiction for an abstract declaration

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHSUSA:754678116.3

- 9 -

MEMO IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:13-CV-5912-RSWL-MAN

that the plaintiff possesses valid trademark rights).

In this case, DMI has not alleged any dispute as to the validity of its trademark rights, either under its license agreement with Del Monte, or in South Africa, that would invoke this Court's jurisdiction. There is no alleged controversy with respect to DMI's trademark licenses, which are irrelevant in any event because DMI's use of the DEL MONTE mark as a licensee can only inure to the benefit of Del Monte, the owner of the mark. *See* 15 U.S.C. § 1055 ("Where a registered mark or a mark sought to be registered is or may be used legitimately by related companies, such use shall inure to the benefit of the registrant or applicant for registration, and such use shall not affect the validity of such mark or of its registration.").

With respect to DMI's South African trademark rights, DMI alleges that the WIPO panel made a "***sua sponte*** assertion that: (i) there is a cloud on Plaintiff's title as to the DEL MONTE Mark in South Africa . . . ." (Complaint ¶ 36) (emphasis added). A vague *sua sponte* observation by an adjudicatory panel of a "cloud" on a title, however, does not give rise to a definite and concrete or real and substantial dispute between the parties.

Even assuming, *arguendo*, that there were a case or controversy over the validity of DMI's South African trademark registrations, then this Court would be in the awkward and inappropriate position of having to pass on the validity of an act of a foreign governmental agency (i.e., issuing a trademark registration). But "U.S. courts have long recognized the impropriety of adjudicating the validity of foreign intellectual property registrations." *Berkshire Furniture Co. v. Glattstein*, 921 F. Supp. 1559, 1561 (W.D. Ky. 1995) (citing *Vanity Fair Mills, Inc. v. T. Eaton Co.*, 234 F.2d 633 (2d Cir. 1956)); *see also Pinkberry, Inc.*, 2011 WL 6101828, at *5 ("A decision by this Court as to how the PINKBERRY trademark may be used in Japan creates a serious potential for conflict with foreign law."). The Second Circuit's guidance, delivered over fifty years ago, is instructive: "[W]e do not think

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHSUSA:754678116.3

- 10 -

MEMO IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:13-CV-5912-RSWL-MAN

it the province of United States district courts to determine the validity of trademarks which officials of foreign countries have seen fit to grant." *Vanity Fair Mills*, 234 F.2d at 647. There is no reason for this Court to take a different approach.

### 2. There Is No Basis For A Declaration that DMI's TLD Registration Will Not Create an "Impermissible Likelihood of Confusion"

There is also no basis for this Court to find, as DMI requests, that DMI's registration of <.delmonte> as a TLD will not create an "impermissible likelihood of confusion." As an initial matter, the standard DMI asks this Court to apply—the absence of an "*impermissible* likelihood of confusion"—does not appear anywhere in United States trademark law and is unique to the ICANN and WIPO LRO regime. "Likelihood of confusion" is the operative standard, not "*impermissible* likelihood of confusion." *See Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1149 (9th Cir. 2011) ("[T]he *sine qua non* of trademark infringement is consumer confusion"); *Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Winship Green Nursing Ctr.*, 103 F.3d 196, 200 (1st Cir. 1996) ("[L]ikelihood of confusion often is the dispositive inquiry in a Lanham Act case"); *see also* 15 U.S.C. § 1114(1) (creating liability where use of a mark is "likely to cause confusion"). Not surprisingly, DMI does not cite any statutory basis for this requested relief.[3]

---

[3] DMI's single cause of action requests relief "pursuant to 28 U.S.C. §§ 2201 and 2202, and 28 [sic] U.S.C. § 1125(d)." (Complaint ¶ 42). Sections 2201 and 2202 are the Declaratory Judgment Act, which is merely procedural and does not create a substantive cause of action. *See Realty Experts*, 2012 WL 699512, at *2 ("It is well-established that the DJA's operation 'is procedural only' . . . . and does not by itself state a claim." (citations omitted)). Even assuming DMI meant to cite *15* U.S.C. § 1125(d), rather than *28* U.S.C. § 1125(d), that section is the ACPA and offers no support to DMI for the reasons stated above.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHSUSA:754678116.3

- 11 -

MEMO IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:13-CV-5912-RSWL-MAN

There also is no live controversy with regard to DMI's registration of <.delmonte> because WIPO has sustained Del Monte's LRO and has refused DMI's application. DMI does not have a registration for <.delmonte>, has never had a registration for <.delmonte>, and has not alleged any foreseeable possibility that it will obtain such a registration. Therefore, the registration of <.delmonte> is purely hypothetical and cannot form the basis of a federal controversy because there is no dispute—let alone a real and immediate one. *See Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 751 (5th Cir. 2009) (no real and immediate controversy where a declaratory plaintiff had not taken sufficient steps to finalize the trademark for which it sought declaratory relief, even though competitor threatened to sue for trademark infringement); *see also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 607 (D. Nev. 2011) (a complaint seeking a declaration that a planned trademark use would be non-infringing did not establish a case or controversy where the allegations were "vague, conclusory, and contradictory"). Accordingly, not only does DMI fail to cite a statutory basis for this Court to declare the absence of an "impermissible likelihood of confusion," DMI also fails to allege any real possibility that such a declaration will ever be relevant to the legal relationship between the parties.

### 3. There Is No Basis to Force Del Monte to Withdraw Its LRO and WIPO Has Already Resolved that Objection

Finally, DMI seeks an order compelling Del Monte to withdraw the LRO that WIPO resolved on August 6, 2013. But DMI's request for injunctive relief fails for the same reason as DMI's previous request: it does not rest on any statutory basis or cognizable legal theory. Moreover, it is now moot. Del Monte's LRO is no longer pending because WIPO resolved it over two months ago and the time to file a request for reconsideration has long passed. *See* ICANN Bylaws, Article IV, Section 2.5 ("All Reconsideration Requests must be submitted . . . within fifteen days . . . ."). Accordingly, there is nothing for Del Monte to withdraw, and there is

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHSUSA:754678116.3

- 12 -

MEMO IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:13-cv-5912-RSWL-MAN

no live controversy "as to which effective relief can be granted." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007) ("The basic question [for mootness] is whether there exists a present controversy as to which effective relief can be granted.") (citations omitted).

### D. Even if Declaratory Judgment Jurisdiction Existed, This Court Should Decline to Exercise Jurisdiction

Should the Court find that it possesses jurisdiction over DMI's claim, the Court can and should decline to exercise that jurisdiction. *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 802 (9th Cir. 2002) ("The exercise of jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), is committed to the sound discretion of the federal district courts"; affirming decision of district court to decline to exercise jurisdiction). In determining whether to exercise jurisdiction, a district court should consider at least the following factors: "whether the declaratory action will settle all aspects of the controversy, whether the declaratory action will serve a useful purpose in clarifying the legal relations in issue, whether the declaratory action is being sought to obtain a res judicata advantage, whether the declaratory action promotes forum shopping, and whether the use of a declaratory action will result in duplicative litigation." *Williams v. Azoogleads.com, Inc.*, No. 08-cv-807 AHS (ANx), 2008 WL 4383875, at *1 (C.D. Cal. Sept. 4, 2008) (citations omitted)).

The circumstances of this case do not fit within the traditional considerations for exercising jurisdiction, and several considerations militate against this Court's exercising any jurisdiction that might exist. First, for all the reasons stated above, this suit will not serve a useful purpose in clarifying the parties' legal relations. ICANN and WIPO have already rejected DMI's application, and there is nothing further to resolve. Additionally, this is a suit brought by a Swiss company located in Monaco, asking this Court, *inter alia*, to declare the validity of South African trademark rights—when such rights ultimately have no bearing on any dispute

OHSUSA:754678116.3

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 13 -

MEMO IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:13-CV-5912-RSWL-MAN

involving United States laws—and to overrule a WIPO panel in a novel proceeding. DMI, therefore, is asking the Court to wade into uncharted legal territory implicating international concerns, for no reason. Moreover, DMI failed to request reconsideration of the WIPO panel's decision with ICANN through ICANN's reconsideration procedure. Rather than raise its complaints with ICANN—the organization that created and developed the new gTLD program and that relegated dispute resolution authority to WIPO—DMI has chosen to bypass ICANN's procedures and come straight to United States federal court. In light of these considerations, even if the Court finds that it has subject matter jurisdiction and that DMI has stated a claim for relief, it should decline to exercise that jurisdiction.

## V. CONCLUSION

For the foregoing reasons, Del Monte respectfully requests that the Court dismiss DMI's complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: October 15, 2013         Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

  /s/ Thomas H. Zellerbach

Thomas H. Zellerbach (SBN 154557)
tzellerbach@orrick.com
Scott T. Lonardo (SBN 285001)
slonardo@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:   650-614-7400
Facsimile:   650-614-7401

Attorneys for Defendant Del Monte Corporation

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHSUSA:754678116.3

- 14 -

MEMO IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:13-CV-5912-RSWL-MAN